UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

v.

JAQUAN DAVIS

Case No. 15-CR-20436-TGB

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified,

    a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

  ☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☑ DENIED after complete review of the motion on the merits.

☑ FACTORS CONSIDERED (Optional)
See addendum.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

　　IT IS SO ORDERED.

:

　　　　　　　　　　　　　　　　　　s/Terrence G. Berg
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE


Dated:　September 2, 2020

ADDENDUM – CONTINUED FROM PAGE 3

As an initial matter, Mr. Davis has exhausted his administrative remedies within the Bureau of Prisons ("BOP"). *See* ECF No.67, PageID.588-92; *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020). Because Mr. Davis' avenues for relief within the BOP have been exhausted, the Court has three questions to answer. First, whether extraordinary and compelling reasons warrant a reduction in sentence. Second, whether Mr. Davis poses a danger to the community. And third, whether a sentencing reduction is consistent with the 18 U.S.C. § 3553 factors. *United States v. Ammarah*, No. 17-20464, 2020 WL 2220008, at *4 (E.D. Mich. May 7, 2020).

The Government concedes that Mr. Davis' obesity (he has a Body Mass Index of 41.1) and asthma treated with albuterol are medical conditions that qualify as extraordinary and compelling reasons that could justify release. ECF No. 69, PageID.625. Nevertheless, the Government argues that the Court should not release Mr. Davis because he would be a danger to the safety of the community and because a sentence reduction would not be consistent with the § 3553 factors. USSG § 1B1.13(2). The Court agrees.

Considering these questions together, the Court notes that Mr. Davis has a long history of contacts with the criminal justice system, involving prior violent felony convictions. He was detained after his arrest in this matter, indicating that there was a finding of danger to the community by the magistrate judge.  Mr. Davis was also on active probation at the time he committed this offense, and a review of his prior convictions shows that many of his prior arrests took place when he was on probation or parole. Neither his prior sentences nor being subject to court supervision were sufficient to deter Mr. Davis from committing crimes in the past, or from committing the instant offense. The Court concludes that Mr. Davis' early release would likely pose a danger to the community.

Consideration of the § 3553 factors also counsels against approving compassionate release. Mr. Davis' offense involved the transportation of a 16-year-old girl from Michigan to Georgia to engage in prostitution

throughout multiple states. ECF No. 61. The nature of the offense involved the sexual exploitation of a minor. The seriousness of this offense and the fact that it involved harm to a victim demonstrate the need for a sentence that will be an adequate deterrent both to Mr. Davis and to others. As to the applicable guideline range, the Court's sentence of 96 months represented a departure from the 110-120-month range found by the Probation Department in the Presentence Report. A further reduction would not be not consistent with the goals of sentencing, including those of promoting respect for law and protecting society. Mr. Davis' release date is April 4, 2022, which is not far off. *See* https://www.bop.gov/imateloc/. And the Court must also recognize and commend the rehabilitative efforts Mr. Davis has undertaken since he has been in prison. These include getting his GED, taking numerous educational and life-skills courses, and creating "The Repair Project," which Mr. Davis describes as a web application and social platform that he designed to address the problems of sex trafficking and to create community-driven solutions. *See* ECF No. 67, PageID.599-609. But in light of all of the factors described above, a reduction to time served would not adequately reflect the serious nature and circumstances of the crime or provide Mr. Davis the adequate deterrence to prevent him from committing new criminal conduct.

Having considered all of the above factors, release is not appropriate.