UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **JAQUAN LEE DAVIS**, <br><br> Defendant. | 4:15-CR-20436-TGB-MJH <br><br> HON. TERRENCE G. BERG <br><br> **ORDER DENYING MOTION TO VACATE SENTENCE (ECF NO. 62)** |

Petitioner Jaquan Davis pled guilty to aiding and abetting the transportation of an individual for prostitution. Petitioner now moves to vacate, correct, or modify his sentence under 28 U.S.C. § 2255, arguing that his due process rights were violated by (1) prosecutors' reliance on the allegedly false statements of the victim in this case; (2) trial counsel coercing Petitioner into accepting a plea; and (3) this Court's imposition of a five-year term of supervised release. However, these claims fall outside the one-year statute of limitations that applies to petitions brought under 28 U.S.C. § 2255, and this motion must therefore be denied.

## I.  BACKGROUND

Petitioner pled guilty to a single-count Information charging him with aiding and abetting the transportation of an individual for the purpose of prostitution in violation of 18 U.S.C. § 2421(a) and 18 U.S.C. § 2. Second Super. Inf., ECF No. 46, PageID.394; Plea Agreement, ECF

No. 52, PageID.403-404. Consequently, on March 30, 2017, Petitioner was sentenced to serve a 96-month term of imprisonment. Judgment, ECF No. 58, PageID.546-47. The Court also imposed a five-year term of supervised release. *Id.* at PageID.548. Four months later, on July 27, the Court entered an amended Judgment clarifying that Petitioner's 96-month sentence was to be served concurrently to any potential sentence for a parole or probation violation based on the same conduct. Am. Judgment, ECF No. 61, PageID.558. Petitioner did not appeal.

## II. LEGAL STANDARD

A prisoner serving a sentence imposed by a federal court may challenge that sentence under 28 U.S.C. § 2255 "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Id.* As relief, the prisoner may move the court which imposed the sentence to correct, vacate, or set it aside. The law is clear that "§ 2255 claims that do not assert a constitutional or jurisdictional error are generally cognizable only if they involve a fundamental defect which inherently results in a complete miscarriage of justice." *Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974) (internal quotations omitted)). This standard is met only in exceptional circumstances; not every alleged error of law can be raised on a § 2255

2

motion. *Hill v. United States*, 368 U.S. 424, 428 (1962); Davis, 417 U.S. at 346.

## III. DISCUSSION

Petitioner raises three arguments: (1) that his due process rights and right to privacy were violated by the government's reliance on the false testimony of a witness, though investigators knew the testimony was false; (2) that Petitioner's lawyer rendered ineffective assistance of counsel by coercing Petitioner into accepting a plea; and, (3) that the Court impermissibly imposed a five-year term of supervised release in violation of Petitioners' Fifth and Sixth Amendment rights. Claims brought under § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). That period begins to run from one of four dates, whichever is latest: (1) the date on which the judgment becomes final; (2) the date unconstitutional government-created impediments to filing a motion for sentencing relief are removed; (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactive; or (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. *Id.*

Generally, a conviction becomes final upon completion of direct review. *Johnson v. United States*, 457 F. App'x 462, 464 (6th Cir. 2012). Where, as here, a federal criminal defendant does not appeal his conviction, the judgment becomes final when the time during which he could have appealed expires, which is 14 days after the entry of judgment,

3

here April 13, 2017. See Fed. R. App. P. 4(b)(1). Petitioner's one-year statute of limitations accordingly would have expired on April 13, 2018, one year after the date his judgment of conviction became final.[1] Petitioner does not allege the existence of unconstitutional impediments to filing his petition. Therefore, Petitioner's claims will only be timely if they rest on newly discovered facts or a new, retroactive right recognized by the Supreme Court.

Petitioner's claims for ineffective assistance of counsel and due process violations do not depend on new facts, nor do they rest on any newly recognized right. Petitioner's ineffective assistance of counsel claim rests on the allegation that his trial counsel coerced him into pleading guilty. Petitioner's plea was entered in December, 2016. *See* Plea Agreement, ECF No. 52; Minute Entry for Dec. 13, 2016 Plea Hearing. Petitioner was necessarily aware of his counsel's allegedly

---

[1] Because the Amended Judgment in this case was issued to correct a clerical error, it did not reset the one-year statute of limitations. *See Crangle v. Kelly*, 838 F.3d 673, 680 (6th Cir. 2016) (where an amended judgment "merely corrected a record to accurately reflect the court's actions," it was not a new sentence for statute of limitations purposes); *In re Stansell*, 828 F.3d 412, 420 (6th Cir. 2016) (explaining that where an amended judgment is issued simply to correct a clerical error, the corrected entry should not be considered a new judgment for § 2255 purposes). Even if the Amended Judgment did reset the statute of limitations, Petitioner's claims would still be untimely, because the limitations period would have ended on August 10, 2018—a year and fourteen days after the Amended Judgment issued—but Petitioner did not file this petition until March of 2020.

4

coercive conduct by that date. Petitioner's claim regarding prosecutorial misconduct also does not rest on newly discovered facts. Petitioner claims that he was "indicted, arrested, convicted, and sentenced" based on "false testimony" because the victim in this matter provided inconsistent statements. ECF No. 62, PageID.563. But, as the government points out, Petitioner was aware of the inconsistent statements—indeed, they formed the basis of a Motion to Suppress litigated in the original prosecution. *See* Mot. to Suppress and for Evidentiary Hearing, ECF No. 31; Order Denying Mot. To Suppress, ECF No. 43. Petitioner's claims of ineffective assistance of counsel and his due process claim stemming from the alleged dishonesty of the victim in this case are therefore time-barred.

Petitioner's final claim is that the Court impermissibly imposed a five-year term of supervised release. To support this claim, Petitioner points to *United States v. Haymond*, 139 S. Ct. 2369 (2019). In that case, the Supreme Court held that 18 U.S.C. § 3583(k), which set a mandatory minimum penalty for certain supervised release violations based on judge-found facts, was unconstitutional. *Haymond,* 139 S. Ct. at 2378-79. However, *Haymond* is wholly inapplicable to Petitioner's case because he was not sentenced pursuant to § 3583(k) based on a finding by a judge that he violated the terms of previously-imposed supervised release by committing new sex crimes. Petitioner was not on supervised release at all when he was sentenced for the instant offense, and indeed, has yet to

begin serving the five-year term of supervised release that this Court imposed. Therefore, *Haymond* is inapplicable to Petitioner's situation, and his petition falls outside the one-year statute of limitations.

## IV. CONCLUSION

For the above-stated reasons, Petitioner Jaquan L. Davis' motion for relief under 28 U.S.C. § 2255 is untimely, and therefore must be **DENIED**.

**IT IS SO ORDERED.**

Dated: June 15, 2022
s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE